UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Equal Employment Opportunity Commission,

Plaintiff,

v.

United Parcel Service, Inc.,

Defendant.

Civ. File No. 00-2229 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court denies Defendant's Motion.

**BACKGROUND**

Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this lawsuit on behalf of Mark Dugger and a class of similarly situated employees of Defendant United Parcel Service, Inc. ("UPS"). The Complaint alleges that UPS engaged in unlawful employment practices in violation of section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), by providing a health benefit plan that discriminates against its employees because of their sex.

Mark Dugger, a UPS employee, was denied coverage for his wife's prescription for an oral contraceptive (Ortho-Novum 7/7/7). Mrs. Dugger was prescribed this medicine not for contraceptive purposes, but to treat a painful and at times incapacitating female hormonal disorder. (Compl. ¶ 8.) UPS's heath benefit plan ("the Plan") excludes coverage of oral

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

contraceptives for all purposes, including treatment of female hormonal disorders. Id. The EEOC alleges that UPS's Plan does not exclude medically approved prescription treatments for male hormonal disorders. Id.

Mr. Dugger filed an employment discrimination charge with the EEOC alleging that UPS's actions violated Title VII. (Compl. ¶ 6.) The EEOC then brought this suit on behalf of Mr. Dugger and a class of UPS employees. The Complaint alleges that: (1) UPS intentionally violated section 703 of Title VII, 42 U.S.C. § 2000e-2, by excluding medically approved prescription treatments for female hormonal disorders, while not excluding any approved prescription treatments for male hormonal disorders (Compl. ¶¶ 7, 10); and (2) UPS's Plan discriminates against and has a disparate impact on female employees and spouses of male employees. (Compl. ¶ 7.)[1] UPS argues that the EEOC cannot make out a disparate treatment claim because the exclusion of oral contraceptives is gender neutral. UPS further contends that dependent coverage negates any claimed disparate impact.

**DISCUSSION**

For purposes of UPS's Motion to Dismiss, the Court takes all facts as alleged in the

---

[1] The Complaint does not allege that the Plan violates the Pregnancy Discrimination Act ("PDA"). See 42 U.S.C. § 2000e(k). The PDA prohibits employment practices that discriminate on the basis of "pregnancy, childbirth, or related medical conditions." Id. At the hearing on this matter, counsel for the EEOC argued that the exclusion at issue violates the PDA. Because this claim was not alleged in the Complaint, it is not properly before the Court. Thus, the EEOC's request to supplement the record to include information relating to a possible violation of the PDA is denied. Even if the EEOC amends its Complaint to state such a claim, however, the Court has serious doubts about the merits of a PDA claim in this context. The Eighth Circuit has made clear that prevention of conception is outside the scope of the PDA. Krauel v. Iowa Methodist Med. Ctr., 95 F.3d 674, 679-80 (8th Cir. 1996).

Complaint as true. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and all reasonable inferences arising from the Complaint favorably to the EEOC. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will only be granted if "it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**A. Section 703 of Title VII**

The EEOC contends that UPS violated 42 U.S.C. § 2000e-2 by providing a health benefit plan that discriminates against its employees because of their sex. According to UPS, however, EEOC's allegation that the Plan is discriminatory fails because the policy exclusion is gender neutral.

Section 703(a) of Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or nation origin . . . ." 42 U.S.C. § 2000e-2(a)(1). "Health insurance and other fringe benefits are 'compensation, terms, conditions, or privileges of employment.'" Newport News Shipbuilding & Dry Dock Co. v. EEOC, 462 U.S. 669, 682 (1983). Employee's fringe benefits include those received from the coverage of a dependent spouse. See Krauel v. Iowa Methodist Med. Ctr., 915 F. Supp. 102, 114 (S.D. Iowa 1995). Therefore, in determining if discrimination exists in the insurance plan, the Court should consider both

the benefits provided to the employee as well as the benefits provided to the employee's dependents. See id. at 115; see also Newport, 462 U.S. at 682-83.

1. Disparate Treatment

According to the EEOC, UPS discriminates against female employees by refusing to provide them with coverage for hormonal treatments while providing coverage to male employees for hormonal treatments. Furthermore, the EEOC asserts that UPS discriminates against male employees because UPS fails to provide the spouses of male employees with the same coverage that it provides to spouses of female employees.

In a disparate treatment claim, "[t]he employer . . . treats some people less favorably than others because of their . . . sex." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977). An employer's liability in an intentional discrimination claim "depends on whether protected trait . . . actually motivated the employer's decision." Krauel v. Iowa Methodist Med. Ctr., 35 F.3d 674, 680 (8th Cir. 1996) (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)). While proof of a discriminatory motive is critical, in some cases such motive can be inferred from the differences in treatment. See Krauel, 915 F. Supp. at 111.

UPS asserts that the exclusion is gender neutral, because neither female employees nor spouses of male employees are covered for oral contraceptives under the Plan. UPS further contends that, according to Krauel, gender neutral exclusions such as fertility treatments do not constitute sex discrimination under Title VII. Krauel, however, held that

fertility treatments, which can be used by both men and women, are not a sex-based classification. 95 F.3d at 681. Here, the EEOC contends that oral contraceptives are prescribed only to women. Thus, while UPS's Plan exclusion applies to both male and female employees, it only burdens females and, according to the EEOC's allegations, is not gender neutral.

UPS's reliance on Saks v. Franklin Covey Co., 117 F. Supp.2d 318 (S.D.N.Y. 2000) is misplaced. In Saks, the court held that "[a]s long as both men and women receive the same benefits and are subject to the same exclusions under an employer's insurance policy, the policy does not discriminate on the basis of sex." Id. at 328. Taking the facts alleged in the EEOC's Complaint as true, UPS's Plan does not provide the same benefits and exclusions to male and female employees and their dependent spouses. The Plan excludes oral contraceptives for any reason, including treatment for female hormonal disorders, while medically necessary treatments for male hormonal disorders are not excluded.[2] The Court finds that the Complaint sufficiently alleges an intentional disparate treatment claim against UPS.

[2] Because only the facts alleged in the Complaint are considered in ruling on a 12(b)(6) motion, UPS's contentions that the plan also excludes medically approved treatment for male hormonal disorders, such as Viagra and Propecia, are of no moment. See Morton, 793 F.2d at 187. However, even if the Court considered UPS's allegations, the exclusions for Viagra and Propecia are not relevant because those drugs are non-medically necessary and elective treatments for cosmetic problems, and are unlike the oral contraceptives prescribed to Mrs. Dugger as a medically necessary treatment for a serious hormonal disorder.

2. Disparate Impact

The EEOC also argues that UPS's exclusion of coverage for prescription contraceptives has a disparate impact on females because of their sex. According to UPS, however, no disparate impact claim exists because both male and female employees are equally affected by the exclusion.

Title VII prohibits employers from engaging in employment practices that are facially neutral but are discriminatory in operation. See Krauel, 95 F.3d at 681(quoting Connecticut v. Teal, 457 U.S. 440, 446 (1982)). To establish a prima facie case of disparate impact, a plaintiff must show that an employer uses "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another without justification." Krauel, 95 F.3d at 681 (quoting Houghton v. SIPCO, Inc., 38 F.3d 953, 958 (8th Cir. 1994)).

The EEOC argues that even if the Plan's oral contraceptives exclusion is gender neutral, it is still unlawful because it has a disparate impact on women. UPS contends that dependent coverage offered by the Plan negates such a claim because both female employees and spouses of male employees are not covered under the Plan's exclusion of oral contraceptives. According to the EEOC, because only females can be prescribed the oral contraceptives at issue, the otherwise facially neutral exclusion falls more harshly on both female employees and spouses of male employees than on male employees and spouses of female employees. Taking these allegations as true, the EEOC has sufficiently pled a

disparate impact claim.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court denies Defendant's Motion to Dismiss. For the purposes of Fed. R. Civ. P. 12(b)(6), the allegations in Plaintiff's Complaint sufficiently state claims under Title VII.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 4) is **DENIED**; and
2. Plaintiff's Request for Leave to File Supplemental Authority (Clerk Doc. No. 16) is **DENIED**.

Dated: April 14, 2001

Paul A. Magnuson
United States District Court Judge