UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>V.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | 00-2229<br>Civil Action No. ~~00229~~ PAM/JGL<br><br>CONSENT DECREE |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on September 29, 2000, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). In its Complaint, the EEOC alleges that the Defendant, United Parcel Service, Inc. ("UPS"), discriminated against the Charging Party, Mark Dugger ("Dugger"); a class of male employees with spouses; and a class of female employees, on the basis of their sex by refusing coverage under its health insurance plan for prescription birth control pills prescribed for female hormonal disorders.

UPS denies that the UPS Flexible Benefits Plan violates Title VII. UPS does, however, acknowledge the value of providing coverage for oral contraceptives to its employees under the UPS Flexible Benefits Plan.

The EEOC and UPS (hereinafter referred to as "The Parties") have therefore agreed to an amicable resolution of this matter, each party to bear its own court costs and attorney's fees.

DEC 13 2001

FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this *Consent Decree*, and based on the pleadings, record and stipulations of The Parties, it is **ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and over The Parties for purposes of entering and enforcing this Decree.

2. The terms of this Decree are adequate, fair, reasonable, equitable and just.

3. This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree is in the best interests of The Parties; those for whom EEOC seeks relief; and the public.

4. This *Consent Decree* resolves all claims arising out of the charge filed by Mark Dugger, EEOC Charge No. 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, and similar claims, which have or may be filed by individuals who receive monetary relief pursuant to this *Consent Decree*, and resolves the instant matter. The Parties further agree that this Decree does not, however, resolve claims of any individuals who do not accept relief pursuant to this *Consent Decree*.

**<u>PROSPECTIVE RELIEF</u>**

5. Subject to the terms of paragraph 10 below, within forty business days after Court approval of this *Consent Decree*, UPS shall modify the UPS Flexible Benefits Plan to provide coverage for oral contraceptives, prescribed for birth control and/or for legitimate medical reasons, on the same terms and to the same extent as other covered prescription drugs, subject to the UPS Flexible Benefits Plan's terms and conditions regarding prescription co-payments.

6. Subject to the terms of paragraph 10 below, within forty business days after Court approval of this *Consent Decree*, UPS shall provide written notice to all Plan participants of the modifications to

the UPS Flexible Benefits Plan, as delineated in paragraph five (5) above, unless such notice has been given previously. The form of this notice is provided for in paragraph 13 below.

**MONETARY RELIEF**

7. Class members are those individuals who meet all of the following criteria:

(a) persons eligible for coverage under the UPS Flexible Benefits Plan at some time between April 1994 and the date of this *Consent Decree.*

(b) persons prescribed oral contraceptives by their physician for a medical purpose other than prevention of pregnancy during the period between April 1994 and the date of this *Consent Decree*;

(c) persons who filed a written appeal of the denial of coverage for oral contraceptives to the UPS Flexible Benefits Plan; and

(d) persons who have been identified and specifically named by the parties as meeting the above criteria. The names of these individuals are attached to this *Consent Decree* and filed under seal as *Exhibit A.*

8. Subject to the terms of paragraph 10 below, Mark Dugger shall sign an original *Settlement Agreement and Release of Claims*, reflected in *Exhibit B*, and UPS shall pay to Mark Dugger the sum of $1,344.00, representing the approximate cost of oral contraceptives from March 2, 1998, through the date of entry of this *Consent Decree.*

9. Subject to the terms of paragraph 10 below, UPS shall pay the sum of $1,024.00 to each class member executing an original *Settlement Agreement and Release of Claims*, reflected in *Exhibit C.* Each such amount represents an approximation of the cost of oral contraceptives from the date of January 1, 1999, to the date of entry of this *Consent Decree.*

**PROCEDURE FOR COURT APPROVAL OF CONSENT DECREE**

10. UPS agreed to this *Consent Decree* to put an end to the captioned litigation; accordingly, if more than five persons listed in *Exhibit A* fail or refuse to sign the *Agreement* reflected in *Exhibits B and C*, UPS has the unilateral right to void this *Consent Decree* under the conditions in this paragraph. The procedure for Court approval of the *Consent Decree* is as follows:

(a) On or before December 15, 2001, UPS will tender to the EEOC originals of the final and agreed upon *Consent Decree* and the final and agreed upon *Settlement Agreement and Release of Claims* as reflected in *Exhibit B and Exhibit C ("Agreement(s)")*, for Mark Dugger and for each of the persons listed and filed under seal in *Exhibit A*. The *Consent Decree* and each Agreement will be duly executed by UPS before they are tendered to the EEOC per this paragraph.

(b) On or before December 15, 2001, after UPS tenders to the EEOC the duly executed *Consent Decree* and Agreements, The Parties will file this *Consent Decree* with the Court and request that the Court approve this *Consent Decree* following notification by The Parties that the procedures set forth in this paragraph have been met.

(c) The EEOC will attempt to obtain duly executed *Agreements* from each person listed under seal in *Exhibit A*.

(d) Sixty business days after the filing of this *Consent Decree,* the EEOC will verify to UPS each of the persons listed in *Exhibit A* that have duly executed an original *Agreement.*

(e) If more than five persons listed in *Exhibit A* have not executed the *Agreement,* UPS will have five business days to notify the EEOC whether it will void this *Consent Decree* or whether it will waive this option and proceed with the completion of the *Consent Decree*.

(f) If the *Consent Decree* is voided, The Parties shall respond to all outstanding discovery requests within fifteen business days after UPS has notified the Court and the EEOC that the *Consent Decree* has been voided.

(g) If the *Consent Decree* is not voided, The Parties will notify the Court that the procedural requirements of this paragraph have been met and will request Court approval of the *Consent Decree* at that time.

(h) If the Court approves the *Consent Decree*, EEOC will mail to UPS the duly executed *Agreements* of all persons listed in *Exhibit A* who have executed their *Agreements*, as well as a list of the addresses where the settlement checks shall be mailed. Within twenty-one business days of receipt of those documents, UPS will mail, to the addresses provided by the EEOC, settlement checks for each of the persons listed in *Exhibit A* for whom UPS has received a duly executed original *Agreement.*

(i) If the Court approves the *Consent Decree*, any person listed in *Exhibit A*, who failed or refused to sign an *Agreement* prior to Court approval of the *Consent Decree*, may still execute an *Agreement* within ninety days after Court Approval of the *Consent Decree*. Within twenty-one business days after receipt by UPS from the EEOC of additional duly executed *Agreements*, UPS will mail, to the addresses provided by the EEOC, settlement checks for such additional persons listed in *Exhibit A* for whom UPS has received duly executed *Agreements.* Those persons, as all other persons who duly execute *Agreements* pursuant to the *Consent Decree*, will be bound by the *Consent Decree*.

**MISCELLANEOUS PROVISIONS**

11. UPS specifically denies that it engaged in sexual and/or any other type of discrimination as alleged by the EEOC. This *Consent Decree* is not an admission of liability by UPS and this *Consent Decree* shall not be used or referred to in any way as evidence of an admission of liability by UPS.

12. The duration of this *Consent Decree* shall be three (3) years from the date of Court approval of the *Consent Decree*. During that time, this Court shall retain jurisdiction over this matter and The Parties for purposes of enforcing compliance with the *Consent Decree*, including issuing such orders as may be required to effectuate its purposes. Accordingly, this *Consent Decree* shall expire and shall be without force and effect three (3) years from the date of entry of this *Consent Decree*.

13. UPS shall affirm to the EEOC in writing, within forty business days following Court approval of this *Consent Decree* that it has complied with the provisions of Paragraphs 5 and 6 of this *Consent Decree*. To fully comply with this paragraph, it will be sufficient for UPS to deliver to Henry Hamilton, Senior Trial Attorney, Milwaukee District Office of the EEOC, Suite 800, 310 West Wisconsin Avenue, Milwaukee, Wisconsin, 53203-2292, a copy of the Summary of Material Modification or other UPS Flexible Benefits Plan language reflecting coverage of oral contraceptives to the same extent and on the same terms as other prescription drugs.

14. UPS shall re-affirm, as provided for in Paragraph 13 above, to the EEOC twelve months, twenty-four months and thirty-six months after the entry of this *Consent Decree*, that it remains in compliance with Paragraph 5 of this *Consent Decree*.

15. In the event that either party to this *Consent Decree* believes that the other party has failed to comply with any provision(s) of the *Consent Decree*, the complaining party shall notify the alleged non-complying party in writing of such alleged non-compliance and afford the alleged non-complying party twenty-one business days to remedy the non-compliance or satisfy the complaining party that the

alleged non-complying party has complied. If the alleged non-complying party is the EEOC, UPS shall notify Henry Hamilton, Senior Trial Attorney, Milwaukee District Office of the EEOC, Suite 800, 310 West Wisconsin Avenue, Milwaukee, Wisconsin, 53203-2292, and if the alleged non-complying party is UPS, the EEOC shall notify Howard Shapiro, McCalla Thompson Pyburn Hymowitz & Shapiro, L.L.P., 650 Poydras Street, Suite 2800, New Orleans, Louisiana 70130. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty-one business days after receipt of such notice, the complaining party may apply to the Court for appropriate relief. In the event that, upon the expiration date of this *Consent Decree*, a dispute is pending pursuant to this paragraph, then the term of this *Consent Decree* shall be extended, with respect to the issue in dispute only, until such time as such dispute is resolved by The Parties or the Court.

16. The Court has been notified by The Parties that all procedural requirements for Court approval of this *Consent Decree* have been met and, thus, this *Consent Decree* is hereby entered and effective as of the date written below.

**SO ORDERED, ADJUDGED AND DECREED this** 12th **day of** December**, 2001.**

[signature]

United States District Court Judge

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Gwendolyn Young Reams
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
310 West Wisconsin Avenue
Suite 800
Milkwaukee, WI 53203
(414) 297-1867

JEAN P. KAMP
Regional Attorney

HENRY HAMILTON III

December 11, 2001
Date

UNITED PARCEL SERVICE, INC.
Building 3, Floor 4
55 Glenlake Parkway, N.E.
Atlanta, GA 30328

McCALLA, THOMPSON, PYBURN, HYMOWITZ & SHAPIRO, L.L.P.
COUNSEL FOR U.P.S.
650 Poydras Street, Suite 2800
New Orleans, LA 70130
Telephone: (504) 524-2499
Facsimile: (504) 523-8679
E-mail: howard@mtphs.com

HOWARD SHAPIRO

December 4, 2001
Date

V:8818\6034\ConsentDecree-final

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | ) | Civil Action No. 00229 PAM/JGL |

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS MARK DUGGER ("AGREEMENT")**

## I. SETTLEMENT CONSIDERATION; RELEASE OF CLAIMS; SETTLEMENT CONTINGENCIES; EFFECTIVE DATE OF AGREEMENT; DENIAL OF LIABILITY.

### A. Settlement Consideration and Release of Claims.

For and in consideration of the sum of One Thousand, Three Hundred and Forty-Four Dollars ($1,344.00), to be duly paid to Mark Dugger, as described subsequently in this *Agreement*, Mark Dugger, individually, and/or on behalf of his beneficiaries, participants, dependants, personal representatives, heirs, successors and assigns, hereby releases, acquits, remises and forever discharges United Parcel Service, Inc., the UPS Flexible Benefits Plan, the Plan Administrator of the UPS Flexible Benefits Plan, the Fiduciaries of the UPS Flexible Benefits Plan, as well as all of their present and former subsidiaries, parents and affiliated companies, and their present and former officers, agents, employees, representatives, fiduciaries, successors, assigns, insurers, attorneys, directors, shareholders, boards of directors and/or any person or entity acting for or on behalf of them (hereinafter referred to as the "Parties Released"), from any and all claims, damages (both compensatory and punitive damages), debts, agreements, demands, liabilities, equities, penalties,



EXHIBIT B

costs, attorney's fees and causes of action (hereinafter referred to as "claims") related to the issue of coverage of oral contraceptives under the UPS Flexible Benefits Plan, from the date of his/her initial employment with UPS up through and including the effective date of this *Agreement* including but not limited to all claims asserted or which could have been asserted in EEOC Charge No. 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 filed by Mark Dugger, and all claims asserted or which could have been asserted in that certain case entitled "Equal Employment Opportunity Commission v. United Parcel Service, Inc.," filed in United States District Court, District of Minnesota, Docket No. 00229.

Mark Dugger acknowledges and understands that the claims being released in this *Agreement* include all claims, which could have been brought under Title VII related to coverage of oral contraceptives.

**B. Settlement Contingencies and Effective Date of Agreement.**

This *Agreement* is part of a *Consent Decree*, a copy of which is attached to this *Agreement*, negotiated by the Equal Employment Opportunity Commission ("EEOC"), on behalf of Mark Dugger and other similarly situated persons whose names are listed under seal in Exhibit A of the *Consent Decree*, and the Parties Released. Mark Dugger, the EEOC, and the Parties Released agree that this *Agreement* is contingent upon (1) the Parties Released receiving duly executed *Agreements* from the other persons listed under Court seal in *Exhibit A* to the *Consent Decree*; and (2) the Court approving the *Consent Decree*. If more than five of the persons listed in *Exhibit A* of the *Consent Decree* fail or refuse to execute a *Settlement Agreement and Release of Claims*, UPS has the unilateral right to void the *Consent Decree* within the time limits provided within the *Consent Decree*. If UPS exercises its option to void the *Consent Decree* and/or the *Consent Decree* is not approved by the Court, then this *Agreement* is null and void, and neither Mark Dugger nor the Parties Released have any obligations under this *Agreement*. If the Court approves the *Consent*

*Decree* and UPS has not exercised its option, if any, to void the *Consent Decree*, then this *Agreement* will become effective and enforceable on the date the Court approves the *Consent Decree* or the date all parties have signed this *Agreement*, whichever is later.

C. **Denial of Liability; Release of Claims.**

It is understood and agreed that the payment of the aforesaid sum of money and this consideration is in complete accord and satisfaction of doubtful and disputed claims asserted or which could have been asserted in EEOC Charge No. 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 filed by Mark Dugger, and all claims asserted or which could have been asserted in that certain case entitled "Equal Employment Opportunity Commission v. United Parcel Service, Inc.," filed in United States District Court, District of Minnesota, Docket No. 00229, relating to coverage of oral contraceptives under the UPS Flexible Benefits Plan up to and including the date all parties have signed this *Agreement*; that the Parties Released do not, in any manner, admit liability to Mark Dugger and/or anyone in connection with the claims released by this *Agreement*; and it is further recognized and understood that the Parties Released do specifically deny any and all liability to Mark Dugger and/or anyone else in connection with the aforementioned suit and claims.

## II. WARRANTY; DEFENSE AND INDEMNIFICATION FOR ATTORNEYS' FEES

Mark Dugger hereby warrants he has not assigned, sold, subrogated, transferred or conveyed to anyone any claims released in this *Agreement*. Mark Dugger further waives any right to collect attorneys' fees or costs from the Parties Released as provided pursuant to any federal or state law, order or regulation pursuant to this *Agreement*.

## III. PAYMENT OF APPLICABLE TAXES

Mark Dugger agrees any liability for taxes, including but not limited to state or federal income and/or Social Security taxes on the amounts paid pursuant to this *Agreement*, are the sole

responsibility of Mark Dugger.

## IV. SEVERABILITY AND LEGAL EFFECT OF PHOTOCOPIES

All provisions of this *Agreement* are severable, and if any of them are determined to be invalid or unenforceable for any reason, the remaining provisions and portions of this *Agreement* shall be unaffected thereby and shall remain in full force to the fullest extent permitted by law. All executed copies of this *Agreement* and photocopies thereof, shall have the same force and effect and shall be as legally binding and enforceable as the original.

## V. BINDING EFFECT OF WRITTEN AGREEMENT

This *Agreement* and the Consent Decree constitute the entirety of the agreement between Mark Dugger and the Parties Released, and this *Agreement* cannot be altered by any oral representations.

I HAVE READ THE FOREGOING AGREEMENT AND THE ATTACHED CONSENT DECREE, AND I VOLUNTARILY AND KNOWINGLY ACCEPT THE TERMS OF THIS AGREEMENT. I ACKNOWLEDGE THAT, IN DECIDING TO ENTER INTO THIS AGREEMENT, I AM RELYING SOLELY ON MY OWN KNOWLEDGE OF THE MATTERS COVERED BY THIS AGREEMENT AND I EXPRESSLY DENY RELIANCE ON ANY REPRESENTATION, PROMISE OR STATEMENT OF ANY EMPLOYEE, AGENT OR ATTORNEY OF THE PARTIES RELEASED.

**WITNESS MY SIGNATURE THIS ____ DAY OF _____, 2001 IN ______________ COUNTY, STATE OF ____________.**

_____________________________
**MARK DUGGER**

**SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ DAY OF ________, 2001.**

_____________________________
**NOTARY PUBLIC**

**My Commission Expires: _________________**

**I REQUEST THAT THE SETTLEMENT CHECK BE SENT TO ME AT THE FOLLOWING ADDRESS (PLEASE TYPE OR PRINT LEGIBLY):**

_____________________________________________________
**NAME**

_____________________________________________________
**STREET ADDRESS, INCLUDING APT OR SUITE NUMBER**

_____________________________________________________
**CITY STATE ZIP CODE**

**STATEMENT OF ATTORNEY FOR THE PARTIES RELEASED**

I am the attorney representing the aforementioned Parties Released in connection with this *Agreement*. In consideration of the execution of and compliance with the terms of this *Agreement*, and in the event all settlement contingencies are met, I will convey to Mark Dugger at the address provided by the EEOC a settlement check in complete accord and satisfaction of all claims covered by this *Agreement*.

Howard Shapiro
HOWARD SHAPIRO

December 4, 2001
DATE

V:\8818\6034\6034SettAgr-Dugger-Final

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | ) | Civil Action No. 00229 PAM/JGL |

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
("AGREEMENT")**

## I. SETTLEMENT CONSIDERATION; RELEASE OF CLAIMS; SETTLEMENT CONTINGENCIES; EFFECTIVE DATE OF AGREEMENT; DENIAL OF LIABILITY.

### A. Settlement Consideration and Release of Claims.

For and in consideration of the sum of One Thousand, Twenty-Four Dollars ($1,024.00), to be duly paid to [redacted], as described subsequently in this *Agreement*, [redacted], individually, and/or on behalf of his beneficiaries, participants, dependants, personal representatives, heirs, successors and assigns, hereby releases, acquits, remises and forever discharges United Parcel Service, Inc., the UPS Flexible Benefits Plan, the Plan Administrator of the UPS Flexible Benefits Plan, the Fiduciaries of the UPS Flexible Benefits Plan, as well as all of their present and former subsidiaries, parents and affiliated companies, and their present and former officers, agents, employees, representatives, fiduciaries, successors, assigns, insurers, attorneys, directors, shareholders, boards of directors and/or any person or entity acting for or on behalf of them (hereinafter referred to as the "Parties Released"), from any and all claims, damages (both compensatory and punitive damages), debts, agreements, demands, liabilities, equities, penalties,

EXHIBIT
C

costs, attorney's fees and causes of action (hereinafter referred to as "claims") related to the issue of coverage of oral contraceptives under the UPS Flexible Benefits Plan, from the date of his initial employment with UPS up through and including the effective date of this *Agreement* including but not limited to all claims asserted or which could have been asserted in EEOC Charge No. 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 filed by Mark Dugger, and all claims asserted or which could have been asserted in that certain case entitled "Equal Employment Opportunity Commission v. United Parcel Service, Inc.," filed in United States District Court, District of Minnesota, Docket No. 00229.

[redacted] acknowledges and understands that the claims being released in this *Agreement* include all claims, which could have been brought under Title VII related to coverage of oral contraceptives.

**B. Settlement Contingencies and Effective Date of Agreement.**

This *Agreement* is part of a *Consent Decree*, a copy of which is attached to this *Agreement*, negotiated by the Equal Employment Opportunity Commission ("EEOC"), on behalf of [redacted] and other similarly situated persons whose names are listed under seal in Exhibit A of the *Consent Decree*, and the Parties Released. [redacted], the EEOC, and the Parties Released agree that this *Agreement* is contingent upon (1) the Parties Released receiving duly executed *Agreements* from the other persons listed under Court seal in *Exhibit A* to the *Consent Decree*; and (2) the Court approving the *Consent Decree*. If more than five of the persons listed in *Exhibit A* of the *Consent Decree* fail or refuse to execute a *Settlement Agreement and Release of Claims*, UPS has the unilateral right to void the *Consent Decree* within the time limits provided within the *Consent Decree*. If UPS exercises its option to void the *Consent Decree* and/or the *Consent Decree* is not approved by the Court, then this *Agreement* is null and void, and neither [redacted] nor the Parties Released have any obligations under this *Agreement*. If the Court approves the *Consent*

*Decree* and UPS has not exercised its option, if any, to void the *Consent Decree*, then this *Agreement* will become effective and enforceable on the date the Court approves the *Consent Decree* or the date all parties have signed this *Agreement*, whichever is later.

C. **Denial of Liability; Release of Claims.**

It is understood and agreed that the payment of the aforesaid sum of money and this consideration is in complete accord and satisfaction of doubtful and disputed claims asserted or which could have been asserted in EEOC Charge No. 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 filed by Mark Dugger, and all claims asserted or which could have been asserted in that certain case entitled "Equal Employment Opportunity Commission v. United Parcel Service, Inc.," filed in United States District Court, District of Minnesota, Docket No. 00229, relating to coverage of oral contraceptives under the UPS Flexible Benefits Plan up to and including the date all parties have signed this *Agreement*; that the Parties Released do not, in any manner, admit liability to [redacted] and/or anyone in connection with the claims released by this *Agreement*; and it is further recognized and understood that the Parties Released do specifically deny any and all liability to [redacted] and/or anyone else in connection with the aforementioned suit and claims.

## II. WARRANTY; DEFENSE AND INDEMNIFICATION FOR ATTORNEYS' FEES

[redacted] hereby warrants he has not assigned, sold, subrogated, transferred or conveyed to anyone any claims released in this *Agreement*. [redacted] further waives any right to collect attorneys' fees or costs from the Parties Released as provided pursuant to any federal or state law, order or regulation pursuant to this *Agreement*.

## III. PAYMENT OF APPLICABLE TAXES

[redacted] agrees any liability for taxes, including but not limited to state or federal income and/or Social Security taxes on the amounts paid pursuant to this *Agreement*, are the sole

responsibility of [redacted]

## IV. SEVERABILITY AND LEGAL EFFECT OF PHOTOCOPIES

All provisions of this *Agreement* are severable, and if any of them are determined to be invalid or unenforceable for any reason, the remaining provisions and portions of this *Agreement* shall be unaffected thereby and shall remain in full force to the fullest extent permitted by law. All executed copies of this *Agreement* and photocopies thereof, shall have the same force and effect and shall be as legally binding and enforceable as the original.

## V. BINDING EFFECT OF WRITTEN AGREEMENT

This *Agreement* and the Consent Decree constitute the entirety of the agreement between [redacted] and the Parties Released, and this *Agreement* cannot be altered by any oral representations.

I HAVE READ THE FOREGOING AGREEMENT AND THE ATTACHED CONSENT DECREE, AND I VOLUNTARILY AND KNOWINGLY ACCEPT THE TERMS OF THIS AGREEMENT. I ACKNOWLEDGE THAT, IN DECIDING TO ENTER INTO THIS AGREEMENT, I AM RELYING SOLELY ON MY OWN KNOWLEDGE OF THE MATTERS COVERED BY THIS AGREEMENT AND I EXPRESSLY DENY RELIANCE ON ANY REPRESENTATION, PROMISE OR STATEMENT OF ANY EMPLOYEE, AGENT OR ATTORNEY OF THE PARTIES RELEASED.

**WITNESS MY SIGNATURE THIS ____ DAY OF _____, 2001 IN ______________ COUNTY, STATE OF ____________.**

_____________________________
[redacted]

**SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ DAY OF ________, 2001.**

_____________________________
**NOTARY PUBLIC**

**My Commission Expires: _________________**

**I REQUEST THAT THE SETTLEMENT CHECK BE SENT TO ME AT THE FOLLOWING ADDRESS (PLEASE TYPE OR PRINT LEGIBLY):**

_____________________________________________________
**NAME**

_____________________________________________________
**STREET ADDRESS, INCLUDING APT OR SUITE NUMBER**

_____________________________________________________
**CITY STATE ZIP CODE**

**STATEMENT OF ATTORNEY FOR THE PARTIES RELEASED**

I am the attorney representing the aforementioned Parties Released in connection with this *Agreement*. In consideration of the execution of and compliance with the terms of this *Agreement*, and in the event all settlement contingencies are met, I will convey to [redacted] at the address provided by the EEOC a settlement check in complete accord and satisfaction of all claims covered by this *Agreement*.

Howard Shapiro

HOWARD SHAPIRO

December 4, 2001

DATE

V:\8818\6034\6034CLASS SETTLEMENT AGR\SettAgr-Alery